PUERTO RICO GASES CORPORATION, INC., d/b/a HORMIGONERA MAYAGÜEZANA, Plaintiff and Appellant, v. PAGÁN CONSTRUCTION, INC., and COMPAÑÍA DE FIANZAS DE PUERTO RICO, Defendants and Appellees. ASFALTO MAYAGÜEZANO, INC., Plaintiff and Appellant, v. PAGÁN CONSTRUCTION CO., INC., and COMPAÑÍA DE FIANZAS DE PUERTO RICO, Defendants and Appellees.

Nos. R-70-92, R-70-93.     Decided October 27, 1970.

*E. Alcaraz Casablanca* for appellants. *E. Martínez Rivera* for Compañía de Fianzas de Puerto Rico.

—O—

*E. Alcaraz Casablanca* for appellants. *E. Martínez Rivera* for Compañía de Fianzas de Puerto Rico.

PER CURIAM: Plaintiff claimed from Pagán Construction Company, Inc., and its surety, Compañía de Fianzas de Puerto Rico, $9,461.07 plus costs and interest for supplied and unpaid concrete which plaintiff delivered to Pagán Construction Company, Inc., to be used in their public works projects, APW-PR-G470-Aguada and a highway project in Mayagüez. The aforementioned surety by its bond G-1642 solidarily guaranteed up to the limit of $111,751.13 the payment of wages and the payment to the materialmen who would supply materials for the Aguada project. By another bond of its company guaranteed similar credits up to the limit of $58,531.50 in connection with the Mayagüez highway project.

Section 9 of the Act to Guarantee the Payment of Salaries and Materials Supplied for Public Works, Act No. 388 of May 9, 1951, 22 L.P.R.A. § 55 provides:

"The cause for action authorized under sections 47–58 of this title against the bond and the bondsmen of the contractor shall be understood to have prescribed six months after *final acceptance* of the work by the Commonwealth of Puerto Rico. After such period has elapsed, the bond may be cancelled, unless some judicial claim under sections 47–58 of this title is found pending. In such case, the bond shall not be cancelled until final judgment has been entered with respect to the pending claim or claims and same have been satisfied to the limit of the liability of the bond and the bondsmen." (Italics ours.)

The Superior Court understood that pursuant to the afore-cited Act plaintiff's claims had prescribed. As to project APW-PR-G470-Aguada, which is the one under consideration, it understood that the same was finally accepted by the Urban Renewal and Housing Corporation on April 14, 1965 and since the action was filed on December 7 of that year, it concluded that the term of six months which the act provides was extinguished.[1]

By our Order of April 29, 1970, we dismissed plaintiff's petition for review, but on May 21 of the same year, in view of plaintiff-appellant's motion for reconsideration, we issued an Order to Show Causes addressed to defendant-appellee in the following terms:

"A term of fifteen days as of the date of the notice of this order is granted to defendant-appellee, to show causes why, in view of the motion for reconsideration filed by plaintiff-appellant on May 11, 1970, and of Exhibit 2 of the motion (plaintiff's Exhibit 19) showing that the Aguada Project was finally accepted on July 12, 1965 and in view of the legal provision contained in 22 L.P.R.A. § 55, we should not reconsider our order of April 29, 1970, issue the writ and modify the judgment of the Superior Court in the sense of affirming it as to project 2.012 Kms. of Highway No. 351, Mayagüez Arriba, and reverse it as to APW-PR-G470 Project-Aguada."

Defendant-appellee appeared in answer to said order and we have examined its brief and attached documents. Defendant has submitted copies of official documents in the sense that the work in issue was finished on April 9, 1965, and accepted on April 14 of the same year. We cannot agree.

In the first place, the controlling date for the term of six months of the aforecited section to begin to run is not the date on which the work was *finished* but the date on which the work was *finally accepted* by the Commonwealth of Puerto Rico. In the second place, the Urban Renewal and Housing

---

[1] Said term is of extinguishment and not of prescription. *Jiménez y Salellas, Inc.* v. *Maryland Casualty Co.*, 92 P.R.R. 200, 204 (1965).

Corporation's letter addressed to the Mayor of Aguada on May 17, 1965, where it is stated that the project was accepted on April 14 of that year, reflects clearly a temporary acceptance and not a final one since the letter of the Chief of the Urbanization Constructions Division of the program of State Projects of said public corporation, states, when referring to project APW-PR-G470-Aguada, that "We finally accepted the same on July 12, 1965, date when several irregularities in the construction of the project were corrected." (Plaintiff's Exhibit 19 and Exhibit 2 of the motion for reconsideration.) This being the case the claim concerning the Aguada project had not prescribed at the date when the action was filed, December 7, 1965.

For the foregoing reasons, the judgment rendered in this case by the Superior Court, Mayagüez Part, on February 19, 1970, will be modified in the sense of affirming it, insofar as it dismisses the complaint with respect to the Mayagüez Highway project and reversing it as to the Aguada project. In this second aspect the complaint will be sustained and the case remanded to the trial court for further proceedings not inconsistent with the pronouncements made herein.

Mr. Chief Justice Negrón Fernández and Mr. Justice Santana Becerra did not participate herein.

—O—

## JUDGMENT

### (On Reconsideration)

San Juan, Puerto Rico, January 26, 1971

On December 7, 1965, plaintiffs-appellants Asfalto Mayagüezano, Inc., and Puerto Rico Gases Corporation filed separately a complaint against Pagán Construction Co., Inc., and its surety Compañía de Fianzas de Puerto Rico. By order of November 22, 1968, the trial court ordered both actions to

continue only as to codefendant Compañía de Fianzas de Puerto Rico, Inc.

Pursuant to its opinion and judgment of February 19, 1970, in the case of Asfalto Mayagüezano, Inc., the Superior Court, Mayagüez Part, concluded as finding of fact the following:

"6—The account of Pagán Hermanos for the project 'Voladora-Moca' shows an outstanding balance of $11,594.30 for asphalt bought from plaintiff.

"7—The account of Pagán Hermanos for the project 'APW-PR-G470-Aguada,' shows an outstanding balance of $11,306.50 for asphalt bought from plaintiff.

"8—The account of Pagán Hermanos for the project 'APW-PR-G516' at Parcelas Las Marías of Añasco shows an outstanding balance of $790.29 for asphalt bought from plaintiff.

"9—The account of Pagán Hermanos for the project 'Carretera Estatal 351—Mayagüez Arriba' shows an outstanding balance of $1,394.83 for asphalt bought from plaintiff.

"10—The outstanding balance of $25,085.92 appearing in plaintiff's books is the debt contracted and not paid by defendant Pagán Construction, Inc., to plaintiff, and for which debt codefendant Compañía de Fianzas de Puerto Rico is jointly and severally liable under the aforementioned contracts of suretyship."

Pursuant to its opinion and judgment, also of February 19, 1970, in the case of Puerto Rico Gases Corporation, the Superior Court, Mayagüez Part, concluded as a finding of fact the following:

"3—Plaintiff Puerto Rico Gases Corporation is an enterprise established in Mayagüez, engaged in the concrete industry, and for the works of the projects mentioned in findings of fact 1 and 2 it delivered concrete to its contractor Pagán Construction Co., Inc., which has not paid to it the sum of $1,353.57 of that used in the 'Mayagüez Arriba' project and the sum of $8,107.50 of that used in project APW-PR-G470-Aguada. The total sum of the debt for the indicated items is $9,461.07 which is what is claimed to the surety Compañía de Fianzas de Puerto Rico."

In both aforementioned cases said court dismissed all claims of plaintiffs-appellants against the Compañía de Fianzas de Puerto Rico because it understood that the same had prescribed pursuant to § 9 of Act No. 388 of May 9, 1951, 22 L.P.R.A. § 55.

Feeling aggrieved by the judgments rendered by the trial court in their respective cases, plaintiffs-appellants filed, on March 24, 1970, two separate petitions for review before this Court for us to review their respective cases.

The petition for review filed by plaintiff-appellant Asfalto Mayagüezano, Inc., included the following items:

1. State Highway No. 420, Municipality of
   Moca ................................. $11,594.30
2. APW-PR-G516 Project, Añasco ........ 790.29
3. State Highway No. 351, Mayagüez ..... 1,394.83
4. APW-PR-G470 Project, Aguada ....... 11,306.50

The petition of plaintiff-appellant Puerto Rico Gases Corporation, Inc., included the following items:

1. State Highway No. 351, Mayagüez ...... $1,353.57[1]
2. APW-PR-G470 Project, Aguada ......... 8,107.50

On April 29, 1970 we entered an order dismissing both petitions for review.

On May 11, 1970, a motion for reconsideration was filed in whose title the names of both plaintiffs-appellants appear, but in whose appearance it is said "plaintiff-appellant appears in the above-entitled cases." A copy of said motion was entered in the record of each one of the petitions for review.

In said motion plaintiffs-appellants discuss jointly the items of Añasco, Mayagüez, and Aguada. The claim of the item of Moca, consequently, was decided by our order dismissing the petition for review. Regarding the item of Añasco, in the motion for reconsideration the following is indicated:

---

[1] This item is identified as the aforementioned No. 3 but it is not identical. It is for other materials supplied by Puerto Rico Gases Corp.

"As to the APW-PR-G516 Project of the Parcelas Las Marías of Añasco, the action has prescribed as a matter of fact and from that conclusion we are not requesting review."

Consequently from what we have said, the claims of both plaintiffs-appellants on the projects of Mayagüez and Aguada were the only ones which remained before our consideration.

On May 21, 1970, we issued the following order to show causes:

"A term of fifteen days as of the date of the notice of this order is granted to defendant-appellee, to show causes why, in view of the motion for reconsideration filed by plaintiff-appellant on May 11, 1970, and of Exhibit 2 of the motion (plaintiff's Exhibit 19) showing that the Aguada Project was finally accepted on July 12, 1965 and in view of the legal provision contained in 22 L.P.R.A. § 55, we should not reconsider our order of April 29, 1970, issue the writ and modify the judgment of the Superior Court in the sense of affirming it as to project 2.012 Kms. of Highway No. 351, Mayagüez Arriba, and reverse it as to APW-PR-G470 Project-Aguada."

As it is inferred from our Order, the reconsideration of our order dismissing the petition for review was limited exclusively to the claims of plaintiffs-appellants regarding the two items of Aguada.

The defendant-appellee having been heard by brief in its Showing of Causes, we rendered judgment by way of a Per Curiam Opinion on October 27, 1970.

In the first paragraph of said Per Curiam Opinion we said the following:

"Plaintiff claimed from Pagán Construction Company, Inc., and its surety, Compañía de Fianzas de Puerto Rico, $9,461.07 plus costs and interest for supplied and unpaid concrete which plaintiff delivered to Pagán Construction Company, Inc., to be used in their public works projects, APW-PR-G470-Aguada and a highway project in Mayagüez."

In referring to "plaintiff" in the above-copied paragraph we were referring to the Puerto Rico Gases Corp. In said

paragraph, nevertheless, we did not make reference to the claim of the other plaintiff-appellant Asfalto Mayagüezano, Inc., for the sum of $11,306.50 owed to the latter from the project of Aguada. We did not make reference either to said claim in the rest of our opinion. We decided to modify the judgment of the trial court in the sense of reversing it as to the project of Aguada on the grounds stated in that opinion.

Plaintiff-appellant, Asfalto Mayagüezano, Inc., on November 10, 1970, filed a "Motion for Reconsideration or Motion Requesting Clarification of the Terms of the Judgment."[2] Defendant-appellee also filed a motion for reconsideration on November 25, 1970.

The motions presented by the parties and the grounds in support of the same having been heard, we decide (1) to deny the motion for reconsideration filed on November 25, 1970 by defendant-appellee; (2) the contentions of plaintiff-appellant Asfalto Mayagüezano, Inc., regarding the Moca and Añasco projects are dismissed on the grounds stated in this Judgment; and (3) we grant the claim of Asfalto Mayagüezano, Inc., for the item of Aguada amounting to $11,306.50.

Consequently, we modify our Per Curiam Opinion of October 27, 1970, in the sense of reversing the judgment of the trial court insofar as it dismissed the claim of Asfalto Mayagüezano, Inc., for the sum of $11,306.50 owed to the latter from the Aguada Project, APW-PR-G470.

The trial court, "relying on the study and on the weighing of the oral as well as documentary evidence admitted," having made the findings of fact previously set forth in this

---

[2] The motion was filed by "plaintiffs." In view of the fact that Puerto Rico Gases, Inc., has claims regarding the projects of Aguada and Mayagüez only and that in our Per Curiam Opinion we held that the Aguada claim lied; and that in the motion for reconsideration of November 10, 1970, said party admits that the Mayagüez project has prescribed, said plaintiff-appellant (Puerto Rico Gases Corp.) is not requesting us to reconsider our opinion insofar as it concerns them. We understand, consequently, that only plaintiff-appellant Asfalto Mayagüezano is interested in the aforesaid motion.

Judgment, we set aside our previous determination of remanding the case to said court and we do hereby render judgment in the following terms: Compañía de Fianzas de Puerto Rico is ordered to pay to Asfalto Mayagüezano, Inc., the sum of $11,306.50 which it owed to it on account of the APW-PR-G470 project, of Aguada, and the said Compañía de Fianzas de Puerto Rico is also ordered to pay to Puerto Rico Gases Corp., Inc., the sum of $8,107.50 owed to it on account of the same aforementioned project, plus the interest accrued at the legal rate since the filing of the complaint. Defendant-appellee will also pay to the said two plaintiff-appellant corporations the costs as to those two aforementioned claims.

It was so decreed and ordered by the Court and certified by the Clerk. Mr. Chief Justice Negrón Fernández and Mr. Justice Santana Becerra did not participate herein.

(s)  JOAQUÍN BERRÍOS

*Clerk*